A. W. TEMPLETON V STATE.

No. 24185. December 1, 1948.
Rehearing Denied January 19, 1949.

*W. W. Tupper,* and *C. H. Tupper, Jr.,* San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to rape, with a sentence of five years in the penitentiary.

The evidence of the prosecuting witness, a girl twelve years of age, details the assault made upon her by appellant. She says that she and her ten year old sister were well acquainted with appellant; that he had a room in their home for some time; they were on very friendly terms. On the night of the alleged assault the two girls, without dispute, spent the night with appellant in his room at a tourist court. They had been visiting a friend who lived in the tourist court and after supper they were unable to locate their mother. They came to appellant looking for her. He told them that he saw her go off with five men and he warned them against going home that late at night, telling them that the police would put them in jail and they would never see their mother again. The prosecutrix testified that she asked him to fix them a pallet on the floor with a bed roll which he had. This he declined to do because he said it had cockroaches on it. They then went to bed with appellant and she details his conduct in attempting sexual intercouse with her, which, according to her statement, he failed to accomplish.

The appellant denied this and there is no other evidence except a corroborating circumstance testified to by a policeman who inspected the room. The jury accepted the statement of the prosecutrix and in doing so they were supported by the evidence.

We find no exceptions to the court's charge and have for consideration four bills of exception. Bill No. 1 complains of the refusal of the court to admit testimony offered by appellant as to the consent of the children's mother in staying away from them at nights, while she was out with other men, on numerous occasions. The court properly excluded this evidence.

Bill of Exception No. 2 complains of a written statement given by the prosecutrix to the officers on the day following the commission of the offense. According to the court's qualification this statement was offered in evidence and objection was made

to a part of it. That part was excluded. The rest of the statement was offered without objection. Appellant accepted this qualification and is bound by it.

Bill of Exception No. 3 includes a number of questions and answers submitted to and given by a lady witness. The state objected to the admission of this in evidence and the court sustained the objection. These questions and the answers thereto were made out of the hearing of the jury and were not permitted to be given to the jury. In our opinion this evidence would have no probative force whatsoever. It was improper and the court committed no error in excluding the same. In his qualification the court recites that the witness did testify to the jury that she was appellant's former wife and had lived with him for a period of eleven years; that she knew his general reputation for being a peaceful law abiding citizen and that reputation was good; that she knew his reputation for being a truthful, honest person, and that such reputation was good.

By Bill of Exception No. 4 it is shown that appellant attempted to prove by Mrs. Gladys Lewellyn that she was the sister of appellant's former wife; that as a small girl she went into their home to live and remained there several years; that during said time appellant never made any improper advances to her; that he appeared to be a normal person; that she was never frightened by him; that she was alone with him frequently and he treated her like a normal person; that he never made improper advances to other little girls. This evidence was excluded by the court and properly so. It would have no probative force whatsoever in defense of appellant.

Finding no reversible error in the trial of the case, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The State, in developing its case in chief, introduced in evidence a written statement which prosecutrix made to the officers after the alleged offense, detailing the acts and conduct of appellant in keeping with her testimony given upon the trial of the case. The statement was definitely hearsay as to appellant. Its introduction in evidence was upon the theory that it was res gestae.

Had appellant reserved to the introduction of the statement

a proper objection, a serious question, from the state's standpoint, would have thus been presented. Appellant insists that he did reserve such an objection.

The bill of exception upon which appellant relies was qualified by the trial court as follows:

"The witness was asked, without objection, if she had made to Mr. Logan a written statement of what happened, to which she answered yes. She was then handed a written statement and asked if that was the statement and if she signed it in the presence of Mr. Doyle and Mr. Hinkle Boys to which questions she answered, yes. Mr. Tupper, counsel for defendant then asked to see the statement. The statement was then handed to him by the District Attorney; after looking at the statement Mr. Tupper objected to the second paragraph from the bottom, indicating the part objected to; the part objected to was marked and not read to the jury; the remainder of the statement was read to the jury without objection."

According to this qualification, the statement was received in evidence without objection. Having accepted the bill, as qualified, appellant is bound thereby.

The other errors assigned have been re-examined and are overruled without discussion.

Believing a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinion approved by the Court.